UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES <u>ex rel</u> | ) | |
| | ) | |
| **IGOR KAPUSCINSKI** | ) | Civil Action No.: |
| 13510 Winding Trail Court | ) | |
| Silver Spring, Maryland 20906-5830 | ) | |
| | ) | |
| **BRINGING THIS ACTION ON** | ) | **COMPLAINT FOR** |
| **BEHALF OF THE UNITED STATES** | ) | **VIOLATIONS OF** |
| **OF AMERICA** | ) | **FEDERAL FALSE** |
| c/o Kenneth L. Wainstein | ) | **CLAIMS ACT** |
| United States Attorney | ) | |
| 555 4th Street, N.W. | ) | |
| Washington, D.C. 20001 | ) | |
| | ) | **JURY TRIAL DEMAND** |
| - and - | ) | |
| | ) | **FILED UNDER SEAL** |
| c/o Alberto Gonzales, Esquire | ) | |
| Attorney General of the United States | ) | |
| Department of Justice | ) | |
| 10th & Constitution Avenue, N.W. | ) | |
| Washington, D.C. 20530 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **NETWORK APPLIANCE, INC.** | ) | |
| 8405 Greensboro Drive | ) | |
| Suite 1000 | ) | |
| McLean, Virginia 22102 | ) | |
| Serve: Registered Agent | ) | |
| CT Corporation System | ) | |
| 818 West 7th Street | ) | |
| Los Angeles, CA  90017 | ) | |
| | ) | |
| and | ) | |
| | ) | |

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

**NETWORK APPLIANCE FEDERAL** )
  **SYSTEMS, INC.** )
**495 E. Java Drive** )
**Sunnyvale, California  94089** )
**Serve:  Registered Agent** )
   **CT Corporation System** )
   **818 West 7th Street** )
   **Los Angeles, CA  90017** )
        )
       **Defendants.** )

## COMPLAINT

1. This is an action to recover damages and civil penalties on behalf of the

United States of America arising from the false claims made by Network Appliance, Inc.

and Network Appliance Federal Systems, Inc. (hereinafter NetApp or Defendant), in

violation of the Federal False Claims Act, 31 U.S.C. §§ 3729 et seq., as amended.

2. The False Claims Act, (hereinafter the Act) originally enacted in 1863

during the Civil War, was substantially amended by the False Claims Amendments Act

of 1986 and signed into law on October 17, 1986.  Congress enacted these amendments

to enhance the Government's ability to recover losses sustained as a result of fraud

against the United States and to provide a private cause of action for the protection of

employees who act in furtherance of the purposes of the Act.  Congress acted after

finding that fraud in federal programs and procurement is pervasive and that the False

Claims Act, which Congress characterized as the primary tool for combating fraud in

government contracting, was in need of modernization.

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

3.      The Act provides that any person who knowingly submits a false or

fraudulent claim to the Government for payment or approval is liable for a civil penalty

of up to $11,000 for each such claim, plus three times the amount of the damages

sustained by the Government, including attorneys' fees. The Act allows any person

having information regarding a false or fraudulent claim against the Government to

bring a private cause of action for himself and on behalf of the Government and to share

in any recovery.  The complaint is to be filed under seal for 60 days (without service on

the Defendant during such 60-day period) to enable the Government (a) to conduct its

own investigation without the Defendant's knowledge and (b) to determine whether to

join the action.

4.      Based on these provisions, Plaintiff/Relator seeks to recover damages and

civil penalties arising from Defendant's presentation of false claims to the United States

Government in connection with General Services Administration Contract No. GS-35F-

5183H between the Defendant and the General Services Administration,  an agency of

the United States Government with headquarters in Washington, D.C.

## PARTIES

5.      Plaintiff/Relator, Igor Kapuscinski is a resident of the state of Maryland

and is employed by the Defendant in its McLean, Virginia office as a Systems Engineer.

6.      Relator  brings  this action for violations of 31 U.S.C. §§3729 et seq. on

behalf of himself  and the United States Government pursuant to 31 U.S.C. §3730(b)(1).

Relator has knowledge of the false  statements and/or claims presented by the

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

Defendant to the Federal Government as alleged herein.

7.   Defendant, Network Appliance, Inc. is a company that provides unified storage solutions for data-intensive enterprises.  NetApp's storage solutions include specialized hardware, software, and services providing seamless storage management for open network environments.  In FY 2005, NetApp had revenues of $1.6 billion. Defendant, Network Appliance Federal Systems, Inc., is a division of Network Appliance, Inc. (all references to NetApp and Defendant will include the activities of the Federal Systems division).  NetApp is incorporated in Delaware with  headquarters in Sunnyvale, California.  NetApp has eighty-nine (89) offices located throughout the United States and the world.  NetApp does business with the General Services Administration (hereinafter GSA) in Washington, D.C. and throughout the United States.

## JURISDICTION AND VENUE

8.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 31 U.S.C. § 3732, which specifically confers jurisdiction on this Court for actions brought pursuant to §§ 3729 and 3730 of Title, 31, United States Code.

9.   This Court has personal jurisdiction over the Defendant because NetApp transacts business in the District of Columbia.

10.   Venue is proper in this district pursuant to 31 U.S.C. § 3732(a) because the Defendant transacts business in the District of Columbia.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

## BACKGROUND

11.     The General Services Administration  is an agency of the Federal Government.

12.     On February 5, 1996, the Defendant entered into Contract No. GS-35F-5183H with the General Services Administration in response to Solicitation No. KESO-95-0002 (5-10) to provide computer storage equipment.

13.     In its contract with GSA, the Defendant  agreed to the following:

> Network Appliance Inc. hereby agrees that any reduction in pricing or improvements in pricing or improvements in discounts and conditions to it's commercial customer will trigger an equal price reduction/discount or terms and conditions improvement for the Government in accordance with the Price Reduction Clauses of the contract.

14.     On February 5, 1996, in a letter signed by Sam T. O'Daniel, District Manager, Federal, NetApp to Derrick Dudley, Contract Specialist, GSA, Federal Supply Service - FCIS, ADP Acquisition Center, 10th Floor, 1941 Jefferson Davis Highway, Arlington, Virginia 22202, NetApp submitted its best and final offer (BAFO) in reference to Solicitation No. KESO-95-0002 (5-10).

> The letter stated:
>
> This is Network Appliance's Best and Final Offer (BAFO). Network Appliance, hereby agrees that the basis of negotiation and award for SIN [Special Item Number] 132-6 and 132-16 is predicated on the following class of customer(s):
>
> Commercial End Users and Dealers.
>
> Commercial Items offered by Network Appliance are

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

5

commercial items which are regularly used for other than
Government purposes and are sold or traded in the course
of normal business operation. The discounts offered are from
the commercial price lists for SIN 132-6 (FAServer Filer Price
List (U.S.) Effective September 5, 1995; SIN 1332-6 (FAServer
Spares Price List (U.S.) Effective September 5, 1995.

15.    In the best and final offer letter dated February 6, 1995, the Defendant

stated:

Network Appliance acknowledges and understands the
Price Reduction Clause and how it is activated.
Network Appliance hereby agrees that any reduction in
prices, discount/ratios, and terms and conditions listed in
the Basis of Award and Negotiations will trigger an equal
price reduction to the government.  Network Appliance
agrees to and will monitor the price reductions in
accordance with Clause I.12 in the contract.
Network Appliance certifies that all data submitted is
accurate, current and complete.

16.    On November  30, 1997, Network Appliance entered into a Contract

Renewal for five years with GSA.  Michael O'Donnell, Director,  Federal Region,

Network Appliance sent a letter confirming the renewal to  Curtis Glover, GSA, Federal

Supply Service, ADP Acquisition Center (FCI), 1941 Jefferson Davis Highway, Crystal

Mall #4, 10th Floor, Arlington, Virginia 22202.  Reference: Solicitation #FCI-96-DL0001B

17.    The November 30, 1997 letter from the Defendant to GSA stated in part:

Network Appliance, Inc. hereby agrees that the basis for
negotiations and award is predicated upon its commercial
customer.

Government Discounts

All discounts are based upon the commercial pricelists dated
August 1, 1997:

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

SIN 132-8          13.5%
SIN 132-12         16%
SIN 132-33         16%     (50 + Licenses - 20%)
SIN 132-34         16%     (50 + Licenses - 20%)

Prompt payment:  2% net 20, net 30

Network Appliance Inc. certified that Commercial Practices
Discounts do not exceed discounts as stated.

Commercial Customer

All discounts are based upon the commercial pricelists dated
August 1, 1997.

The discounts granted to its commercial customers are
predicated on quantity purchase and are as follows:

SIN 132-8          0%-15%
SIN 132-12         5%-20%
SIN 132-33         5%-20%
SIN 132-34         5%-20%

Prompt payment:  Net 30

18.     The Defendant also stated in the November 30, 1997 letter that:

Network Appliance Inc. acknowledges that it understands
and accepts the clause entitled Contractor Report of Sales
and Industrial Funding Fee.

*       *       *       *       *

Price Reduction Monitoring

Network Appliance, Inc. hereby agrees that any reduction in
pricing or improvements in discounts and conditions to its
commercial customer will trigger an equal price
reduction/discount or terms and conditions improvement
for the Government in accordance with the Price Reduction
Clauses of the contract.

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

19.     The Defendant also stated in the November 30, 1997 letter to GSA that:

> Network Appliance Inc. agrees to monitor and report price
> reductions in accordance with Clause I.34 of the contract.
> Network Appliance Inc. acknowledges that data submitted
> in response to Solicitation No. FCI-96-DL0001B is accurate,
> complete and current.  Network Appliance Inc. also
> understands that 1% of sales under the contract constitutes
> the Industrial Funding Fee which must be set aside for
> remittance to GSA on a quarterly basis.
> This offer  made to the Government is Network Appliance's
> Best and Final Offer.

20.     By a letter dated September 21, 2001, to  Curtis Glover, GSA, Federal

Supply Service, ADP Acquisition Center (FCI), 1941 Jefferson Davis Highway, Crystal

Mall #4, 10th Floor, Arlington, Virginia 22202, from Richard A. Ronollo, Director of

Operations, Network Appliance Inc., Network Appliance  extended Contract No.

GS-35F-5183H.

> The letter stated:
>
> 1) Network Appliance Inc. agrees with the applicable terms
> and conditions of Solicitation FCIS-JB-980001B, Refresh No.
> 3.
>
> 2) The prices currently contained in the referenced Contract
> reflect all price reductions that were effective prior to the
> date of this letter.
>
> 3) Network Appliance Inc. is, and will continue to be in
> compliance with Clauses GSAR 552.238-74, Contractor's
> Report of Sales, and GSAR 552.238-76, Industrial Funding
> Fee, regarding the reporting of sales and remittance of the
> Industrial Funding Fee.
>
> 4) All product and/or services presently awarded under the
> referenced Contract are included on GSA Advantage and
> Network Appliance Inc. has, and will continue to keep GSA

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

Advantage current, accurate and complete.

*    *    *    *    *

All other terms and condition of the referenced Contract remain unchanged.

21.    The September 21, 2001 letter referenced in paragraph 20 also stated that:

1. By signing this modification, Contractor agrees to and incorporates all the Clauses, Provisions, Terms and Conditions of the current Information Technology Schedule Solicitation Number FCIS-JB-980001B, Refresh #3. This solicitation will be a new solicitation under which the contract is being extended.

2. (Note about requirement to keep GSA Advantage current).

3. Commercial Sales Practices Format (CSP-1)
   a. Provide the dollar value of sales to general public based on established catalog or market price during the previous 12-month period of the offerors last fiscal year:____$1.05B____ for period beginning __7/1/2000__ Ending __6/30/2001.

   b. Show your total projected annual sales to the Government under this contract for next contract term.

| SIN No. | 132-8  | Purchase of equipment        | $29M   |
|---------|--------|------------------------------|--------|
| SIN No. | 132-12 | Repair/Spare Parts           | $11.6M |
| SIN No. | 132-33 | Perpetual Software Licenses  | $11.6M |
| SIN No. | 132-34 | Maintenance of Software      | $5.8M  |

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

1.  Based on your written discounting policies (standard commercial sales practices in the event you do not have written discounting policies), are the discounts and any concessions which you have offered the Government equal to or better than your best price (discount and concessions in any combination) offered to any customer acquiring the same items regardless of quantity or terms and conditions? YES ___X___ NO____. (See definitions of 'concessions' and 'discount' in 552.212-70.)

2.  Based on your written discounting policies, provide information as requested for each SIN... Response:  See Attached Pages (CPS_1 Charts)

3.  Do any deviation from your written policies or standard commercial sales practices disclosed in the above chart ever result in better discounts (lower prices) or concessions than indicated? YES____ NO__X__. If YES explain deviations in accordance with the instructions at figure 515.4-2, which is provided in this solicitation for your convenience.

22.     The following charts were attached to the September 21, 2001 letter from

the Defendant to GSA:

SIN 132-8     Purchase Equipment

| Customer | Discount | Quantity | FOB Term | Concession |
|---|---|---|---|---|
| Dealers/Resellers | 0%-30% | NONE | Origin | NONE |
| VAR/Systems Integrators | 0% | NONE | Origin | NONE |
| Educational & Non-Profit Institutions | 0% | NONE | Origin | NONE |
| National & Corporate | 0% | NONE | Origin | NONE |

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

| | | | | |
|---|---|---|---|---|
| Accounts | 0% | NONE | Origin | NONE |
| Commercial End User | 0%-15% | NONE | Origin | NONE |
| | | NONE | Origin | NONE |
| Proposed GSA | 13.50% | NONE | Origin | NONE |

SIN 132-12    Maintenance, Repair Service, & Repair

Parts/Spare Parts

| Customer | Discount | Quantity | FOB Term | Concession |
|---|---|---|---|---|
| Dealers/Resellers | 5% - 20% | NONE | Origin | NONE |
| VAR/Systems Integrators | 5% 20% | NONE | Origin | NONE |
| Educational & Non-Profit | 5% 20% | NONE | Origin | NONE |
| Institutions | 5% 20% | NONE | Origin | NONE |
| National & Corporate | 5% 20% | NONE | Origin | NONE |
| Accounts | 5% 20% | NONE | Origin | NONE |
| Commercial End User | 5% - 20% | NONE | Origin | NONE |
| | | NONE | Origin | NONE |
| Proposed GSA | 16% | NONE | Origin | NONE |

SIN 132-33    Perpetual Software License

| Customer | Discount | Quantity | FOB Term | Concession |
|---|---|---|---|---|
| Dealers/Resellers | 5% - 20% | NONE | Origin | NONE |
| VAR/Systems Integrators | 5% 20% | NONE | Origin | NONE |
| Educational & Non-Profit | 5% 20% | NONE | Origin | NONE |
| Institutions | 5% 20% | NONE | Origin | NONE |
| National & | 5% | NONE | Origin | NONE |

LAW OFFICES
─HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
────
202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
────
703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
────
301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785
────
301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202
────
410-539-1122
FAX: 410-547-1261

11

| | | | | |
|---|---|---|---|---|
| Corporate | 20% | | | |
| Accounts | 5% | NONE | Origin | NONE |
| | 20% | | | |
| Commercial End | 5% - | NONE | Origin | NONE |
| User | 20% | | | |
| | | NONE | Origin | NONE |
| Proposed GSA | 16% | NONE | Origin | NONE |

SIN 132-34    Maintenance of Software

| Customer | Discount | Quantity | FOB Term | Concession |
|---|---|---|---|---|
| Dealers/Resellers | 5% - 20% | NONE | Origin | NONE |
| VAR/Systems Integrators | 5% 20% | NONE | Origin | NONE |
| Educational & Non-Profit | 5% 20% | NONE | Origin | NONE |
| Institutions | 5% 20% | NONE | Origin | NONE |
| National & Corporate | 5% 20% | NONE | Origin | NONE |
| Accounts | 5% 20% | NONE | Origin | NONE |
| Commercial End User | 5%- 20% | NONE | Origin | NONE |
| | | NONE | Origin | NONE |
| Proposed GSA | 16% | NONE | Origin | NONE |

23.    The GSA definition of "discount" as provided by GSA Regulation

552.212-70 is:

> "Discount," as used in this solicitation, means a reduction to
> catalog prices (published or unpublished).  Discounts
> include, but are not limited to, rebates, quantity discounts,
> purchase option credits, and any other terms or conditions
> other than concessions) which reduce the amount of money
> a customer ultimately pays for goods or services ordered or
> received. Any net price lower than the list price is
> considered a "discount" by the percentage difference from
> the list price to the net price.

LAW OFFICES
␣HCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
␣ EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

24.     The GSA definition of a "customer" as provided in the contract between the Defendant and GSA is:

> A "customer" is any entity, except the Federal Government, which acquires supplies or services from the Offeror.  The term customer includes, but is not limited to original equipment manufacturers, value added  resellers, state and local governments, distributors, educational institutions, dealers, national accounts, and end users.

25.     On November 11, 2002, the Relator was reassigned to the position of Manager of Administration and Procurement, NetApp, by Jay Chabrow, Vice President and General Manager of Network Appliance Federal Systems, Inc. to assume the duties on an interim basis upon the resignation of Richard A. Ronollo.  One of his main duties was the continuation of the GSA contract administration.  The administrative management of the GSA schedule was contracted by Network Appliance Inc. to Computer Marketing Associates (CMA) in McLean, Virginia.  The contract with CMA called for CMA to support NetApp in updating and modifying the contract price list as the lists were being released by NetApp and to maintain GSA Advantage, the GSA online sales program of which contract number GS-35F-5183H was a part.

26.     Despite NetApp's promises to adhere to the contract provisions regarding the IFF and the price reduction clauses, NetApp failed to do so.

27.     The Defendant, during the course of its contract with GSA, gave commercial customers higher discounts than it gave GSA in contravention of the provisions of contract number GS-35F-5183H.

28.    If Network Appliance Inc. had abided by the  price reduction clause in the contract, GSA contract customers  should have received comparable discounts to commercial customers thus lowering the contract price to the Government.  Instead, NetApp did not trigger the price reduction clause and therefore received a higher price from the Government for the goods and thus greater profits in contravention of the GSA contract provisions.

29.    On February 23, 2003, the Relator received a telephone call from Floree McCullough, the GSA Industrial Operation Analyst, informing him that she wanted to visit NetApp's corporate headquarters in Sunnyvale, California to review NetApp's system for recording and reporting the dollar value of Government sales and to calculate and remit the Industrial Funding Fee (IFF) as required by contract clauses 552.238-77 and 552.238-72.

30.    Upon receiving the telephone call from Ms. McCullough, the Relator immediately telephoned his manager, Jay Chabrow, to inform him of the planned GSA visit to the corporate headquarters.

31.    Ms. McCullough expected to review data which included six (6) months of all company orders and that the orders should include customer name, date of sale, dollar value of contract, identification of whether the contract was a commercial, federal government (other than GSA) or GSA contract based sale.

32.    On March 4, 2003, the Relator forwarded the GSA letter dated March 3, 2003 from Ms. McCullough to the Relator regarding the visit to Mr. Chabrow.  Mr.

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

14

Chabrow notified Rob Salmon, Senior Vice President, Sales-Americas, NetApp of the

March 3, 2003 GSA letter.

33.     The GSA letter dated March 3, 2003 stated as follows:

> Dear Mr. Kapuscinski,
>
> Your company has identified you as the 72A contact for GSA
> MAS contract GS35F5183H.In reference to our telephone
> conversation; I would like to confirm my scheduled visit to
> your location on March 12, at 1:00 p.m. The visit is being
> scheduled to review the system you use to record and report
> the dollar value of Government sales and to calculate and
> remit the Industrial Funding Fee. The purpose of my visit is
> to ensure that you have a system in place to satisfy our
> mutual contractual obligations and assist you if you have
> any questions about the requirements.
> The Industrial Funding Fee and Contractor's Report of Sales
> requirements can be found in clauses 552.238-77 and
> 552.238-72 and 552.238-72 (GSAM 552.238-76 & 552.238-74)
> of your contract. To summarize them, you are required to
> submit to the General Services Administration on a
> quarterly basis, the dollar value of total Government sales
> for each Special Item Number (SIN) under the contract. You
> are to remit 1% of that amount to the General Services
> Administration.

34.     On March 10, 2003, the Relator sent an e-mail to Floree.McCullough@gsa.

gov with a spreadsheet attachment for FY03 Commercial Orders.

35.     After GSA reviewed the FY03 Commercial Orders the Relator submitted,

GSA asked NetApp to conduct a self-evaluation of all government sales records and IFF

payments for calendar year 2001 - 2002 and then scheduled a meeting for June 12, 2003

in NetApp's Sunnyvale, California headquarters.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

36.     In the middle of March 2003, Rob Salmon, Senior Vice President, Sales, NetApp, created the GSA Task Force to review the IFF reporting issue and provide recommendations to improve the sales office procedures for handling the IFF issue.

37.     In the several weeks following the middle of March, 2003, the Relator encountered significant resistance from the Sales Operation and Finance Departments regarding obtaining the necessary data to conduct the self-evaluation that GSA ordered.

38.     On June 3, 2003, the Relator sent an e-mail to his manager, Jay Chabrow, in which he explained that he thought that there were a variety of problems with the GSA contract. The problems included NetApp's (1) failure to monitor the price reduction clause of the GSA contract and give the Government the appropriate price decreases, and (2) NetApp's failure to have a procedure for the identification of Government purchase orders.

39.     On June 3, 2003, the Relator sent another e-mail to his manager, Jay Chabrow, in which he expressed his frustration with NetApp's GSA management process and the corporate resistance he was experiencing while attempting to respond to GSA's request.  The Relator stated in his e-mail:

> After re-evaluation of GSA contract management
> requirement, we MUST hire an experienced GSA Contract
> Administrator.  As Federal organization is growing, and our
> GSA revenue is increasing, it is very prudent to hire GSA
> professional.  If we do not do it because of OPEX, [Operating
> Expenses] it is would be a very bad business decision.

40.     Mr. Chabrow responded to the above referenced e-mail by promising to talk with Rob Salmon, (Senior Vice President Sales Americas) and Steve Gomo (Chief

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

16

Financial Officer).

41.     Several days after the June 3, 2003 e-mails to Mr. Chabrow, the Relator attempted to get additional data and information from the Corporate Sales Division. Anna Manzano, (Senior Director, Americas Sales Strategies) in response to the Relator's requests for additional data and information, threatened him by saying that if the Relator continued to push for sales records, he would need to change jobs and take a pay cut.  Ms. Manzano's comment upset the Relator and he informed his manager, Mr. Chabrow, of her threat who said he would demand that Ms. Manzano apologize to the Relator.

42.     In an e-mail dated June 9, 2003 to Mr. Chabrow,  the Relator informed Mr. Chabrow of his continuing problems regarding obtaining the necessary sales data from Anna Manzano (Senior Director, Americas Sales Strategies) and of his recent conversations with Ms. Manzano in which  Ms. Manzano said that she preferred that he obtain the Federal and GSA sales information from NetApp's  Finance Group. The Relator also told Mr. Chabrow that Ms. Manzano told him that NetApp was not in compliance with GSA's contractual reporting requirements because NetApp's software systems could not differentiate between Federal and commercial sales without a manual entry by a NetApp sales representative. The Relator informed Mr. Chabrow that he had contacted Immix Group to assist NetApp with the IFF and price reduction clause issues.

43.     On June 24, 2003, the meeting with GSA took place at NetApp's headquarters in Sunnyvale, California.  The following people were in attendance at the

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

meeting:  Floree McCullough (GSA Industrial Analyst), Igor Kapuscinski (as GSA contract administrator), Anna Tomaselli (as GSA contract person responsible for filing form GSA 72A and for calculating Industrial Funding Fee), Jay Chabrow (Vice-President/General Manager Federal Systems), Scott Needleman (Immix Government GSA Consultant).  The meeting began at 9:00 a.m. and ended at about 4:00 p.m. with NetApp being ordered to pay the IFF fee for unreported total sales of $22,806,647.30.  The Industrial Funding Fee (IFF) was $228,066.47.

44.     The following is a chart of NetApp's sales on which the unpaid IFF fee was calculated:

CY 2001

| QUARTER | TOTAL SALES REPORTED | Underpayments | Adjusted GSA Sales | Adjusted IFF | IFF PAID | Delta |
|---|---|---|---|---|---|---|
| JAN-MAR01 | $2,032,313.00 | $459,590.92 | $2,491,903.92 | $24,919.04 | $20,323.13 | $4,595.91 |
| JAN-MAR01 | $ 291,278.00 | $134,747.07 | $ 426,025.07 | $ 4,260.25 | $ 2,912.78 | $1,347.47 |
| JAN-MAR01 | $ 635,307.00 | $134,307.70 | $ 769,614.70 | $ 7,696.15 | $ 6,353.07 | $1,343.08 |
| JAN-MAR01 | $ 293,984.00 | $114,333.99 | $ 408,317.99 | $ 4,083.18 | $ 2,939.84 | $1,143.34 |
| APR-JUN01 | $2,437,833.00 | $268,928.23 | $2,706,761.23 | $ 27,067.61 | $24,378.33 | $2,689.28 |
| APR-JUN01 | $ 225,212.00 | $141,148.75 | $ 366,360.75 | $ 3,663.61 | $ 2,252.12 | $1,411.49 |
| APR-JUN01 | $ 703,195.00 | $ 97,231.00 | $ 800,426.00 | $ 8,004.26 | $ 7,031.95 | $ 972.31 |
| APR-JUN01 | $ 1,744.00 | $146,655.30 | $ 148,399.30 | $ 1,483.99 | $ 17.44 | $1,466.55 |
| JUL-SEP01 | $2,148,784.00 | $1,647,271.11 | $3,796,055.11 | $ 37,960.55 | $21,487.84 | $16,472.71 |
| JUL-SEP01 | $ 151,077.00 | $ 367,484.04 | $ 518,561.04 | $ 5,185.61 | $ 1,510.77 | $ 3,674.84 |
| JUL-SEP01 | $ 796,531.00 | $ 425,289.78 | $1,221,820.78 | $12,218.21 | $ 7,965.31 | $ 4,252.90 |
| JUL-SEP01 | $ 17,107.00 | $ 372,526.39 | $ 389,633.39 | $ 3,896.33 | $ 171.07 | $ 3,725.26 |
| OCT-DEC01 | $1,497,145.00 | $1,086,956.17 | $2,584,101.17 | $ 25,841.01 | $14,971.45 | $10,869.56 |
| OCT-DEC01 | $ 214,180.00 | $ 587,111.00 | $ 801,291.00 | $ 8,012.91 | $ 2,141.80 | $ 5,871.11 |
| OCT-DEC01 | $ 987,865.00 | $ 331,587.05 | $1,319,452.05 | $13,194.52 | $ 9,878.65 | $ 3,315.87 |
| OCT-DEC01 | $ 14,534.00 | $ 529,936.18 | $ 544,470.18 | $ 5,444.70 | $ 145.34 | $ 5,299.36 |
| **TOTAL SALES REPORTED** | **$12,448,089.00** | | | | | |
| **TOTAL SALES CORRECTED** | | | **$19,293,193.68** | | | |

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

| TOTAL IFF OWED TO | | | | | | $68,451.05 |
| GSA FOR CY 2001 | | | | | | |

CY 2002

| QUARTER | TOTAL SALES REPORTED | Underpayments | Adjusted GSA Sales | Adjusted IFF | IFF PAID | Delta |
|---|---|---|---|---|---|---|
| JAN-MAR02 | $2,270,140.00 | $ 345,496.06 | $2,615,636.06 | $26,156.36 | $22,701.40 | $ 3,454.96 |
| JAN-MAR02 | $ 34,131.00 | $ 321,506.13 | $ 355,637.13 | $ 3,556.37 | $ 341.31 | $ 3,214.06 |
| JAN-MAR02 | $1,400,391.00 | $ 18,726.00 | $1,419,117.17 | $14,191.17 | $14,003.91 | $ 187.26 |
| JAN-MAR02 | $ 253,955.00 | $ 183,844.97 | $ 437,799.97 | $ 4,378.00 | $ 2,539.55 | $ 1,838.45 |
| | | | | | | |
| APR-JUN02 | $ 182,4.77.00 | $1,090,339.04 | $1,272,816.04 | $ 12,728.16 | $ 1,824.77 | $10,903.39 |
| APR-JUN02 | $2,352,776.00 | $ 326,492.67 | $2,679.268.67 | $ 26,792.69 | $ 23,527.76 | $ 3,264.93 |
| APR-JUN02 | $ 244,372.00 | $ 336,807.88 | $ 581,179.88 | $ 5,811.80 | $ 2,443.72 | $ 3,368.08 |
| APR-JUN02 | $ 466,300.00 | $ 335,572.88 | $ 801,872.88 | $ 8,018.73 | $ 4,663.00 | $ 3,355.73 |
| | | | | | | |
| JUL-SEP02 | $4,437,705.00 | $6,401,986.93 | $10,839,691.92 | $108,396.92 | $ 44,377.05 | $64,019.87 |
| JUL-SEP02 | $ 359,959.00 | $ 774,443.41 | $ 1,134,402.41 | $ 11,344.02 | $ 3,599.59 | $ 7,744.43 |
| JUL-SEP02 | $1,513.205.00 | $2,000.138.50 | $ 3,513,433.50 | $ 35,134.34 | $ 15,132.95 | $20,001.39 |
| JUL-SEP02 | $ 288,738.00 | $ 335,572.88 | $ 801,872.88 | $ 11,989.97 | $ 2,887.38 | $ 9,102.59 |
| | | | | | | |
| OCT-DEC02 | $1,632,245.00 | $1,476,771.63 | $3,109,016.63 | $ 31,090.17 | $ 16,322.45 | $14,767.72 |
| OCT-DEC02 | $ 596,391.00 | $ 126,157.20 | $ 772,548.20 | $ 7,225.48 | $ 5.963.91 | $ 1,261.57 |
| OCT-DEC02 | $ 467,418.00 | $ 989,682.68 | $1,457,100.68 | $14,571.01 | $ 4,674.18 | $ 9,896.83 |
| OCT-DEC02 | $ 586,624.00 | $ 273,243.60 | $ 859,867.60 | $ 8,598.68 | $ 5,866.24 | $ 2.732.44 |

| TOTAL SALES REPORTED | $16,500,293.00 | | | | | |
| | | | | | | |
| TOTAL SALES CORRECTED | | | $32,998,385.18 | | | |
| | | | | | | |
| TOTAL IFF OWED TO GSA FOR CY 2001 | | | | | | $159,114.68 |

45.     There was no discussion at the June 24, 2003 meeting with GSA of

NetApp's failure to monitor the contract in accordance with the price reduction clauses.

GSA's focus at the meeting was the issue GSA initially identified, NetApp's failure to

pay appropriate IFF fees.  NetApp, although now fully aware of its additional failure to

monitor the GSA contract in accordance with the price reduction clauses and adjust its

pricing accordingly, intentionally did not alert GSA to this additional issue.

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

46.      On January 13, 2004, a meeting was held with Floree McCullough, GSA

Industrial Operation Analyst and her supervisor as well as Michael Giannini and the

Relator from NetApp in NetApp's headquarters in Sunnyvale, California. The meeting

resulted in the closure of the GSA required self-audit, NetApp's promise of continued

improvement of internal processes and payment of about $160,000 for the IFF fee on

unreported sales of approximately $16 million. Once again, NetApp intentionally did

not alert GSA to the issue of its failure to adhere to the price reduction clauses in its

contract.

47.      Not only did NetApp fail to alert GSA that it was not in compliance

with the price reduction contract clauses, NetApp did not adhere to the price reduction

clauses.

48.      Attached hereto as Exhibit 1 is an MS Excel spreadsheet entitled April

2003 Booked Orders Disc by Product. It  is a chart which lists the discounts given by

Network Appliance Inc. on orders booked during the month of April 2003, to the

government  and commercial customers. The government contracts are identified by

"Federal NA" in the Sales Region column while the commercial customers are

identified in the Sales Region column as West NA, East NA, Central NA and Canada

NA. The chart is sorted by customer name, product description  and discount. A simple

comparison, for this one month period of April 2003,  shows that many commercial

customers received discounts greater than the 20% discount which Network Appliance

Inc. certified to GSA as part of its contract GS-35F-5183H.  For example, on page 1 of

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

Exhibit 1, Ankor Systems Ltd., received a discount of 83.8%, Integrated Archive

Systems, Inc. received a discount of 55%, Citigroup received a discount of 53.8% and

Hitachi Ltd. received a discount of 54.8%. A review of page 2 of Exhibit 1 shows that

Yahoo, Inc. received a discount of 61.0%, J.P. Morgan Chase Bank received a discount of

75.6%, Intel Corporation received a discount of 59.6% and Clorox received a discount of

39.7%. A review of the 110 pages of Exhibit 1 will show numerous other commercial

customers who were receiving higher discounts than that given to GSA during the same

time period. If Network Appliance Inc. had abided by the price reduction clause in the

contract, GSA contract customers should have received comparable discounts thus

lowering the contract price. Instead, NetApp received a higher price from the GSA

contract and thus greater profits in contravention of the GSA contract provisions.

49.     During all the months when the GSA contract was in operation, a

review of NetApp's sales and discount data will show a pattern that is comparable to

the data shown in Exhibit 1. During the entire contract period for GSA Contract No.

GS-35H-5183, if Network Appliance Inc. had abided by the price reduction clause in the

contract, GSA contract customers should have received comparable discounts thus

lowering the contract price. Instead, NetApp received a higher price and thus greater

profits in contravention of the GSA contract provisions.

50.     To date, NetApp has not refunded to the federal government the amount

that the federal government overpaid to NetApp as a result of NetApp's failure to

monitor and implement the price reduction contract clauses. NetApp's potential

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
) EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

liability for the time period from 2001 to 2005 could be approximately $60 to $70

Million. If NetApp had properly monitored its GSA contract, NetApp would have to

refund to GSA approximately $60 to $70 million for the period of 2001 through 2005.

## COUNT I

*(False Claims Act 31 U.S.C. §3729(a)(1) and (a)(2))*

51.     Relator realleges and incorporates by reference the allegations made in

paragraphs 1 through 50 of this Complaint.

52.     This is a claim for treble damages and forfeitures under the False Claims

Act, 31 U.S.C. §§3729-32.

53.     By virtue of the acts described above, the Defendant knowingly

submitted, caused to be submitted and continues to submit and to cause to be

submitted false or fraudulent claims for payment and reimbursement by the United

States Government through Contract No. GS-35F-5183H with GSA.

54.     By virtue of the acts described above, the Defendant knowingly made,

used or caused to be made or used, and continues to make or use or cause to be made or

used, false statements to obtain Federal Government payment for false or fraudulent

claims.

55.     The United States Government has been severely damaged as the result of

Defendant's failure to adhere to the price reduction clauses in GSA Contract No. GS-

35F-5183H. The United States Government has been severely damaged by the

Defendant's violations of the False Claims Act.

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

56.     As set forth in the preceding paragraphs, Defendant violated 31 U.S.C.

§3729 *et seq.* and has thereby damaged and continues to damage the United States

Government by its actions in an amount to be determined at trial.

## COUNT II
*(False Claims Act, 31 U.S.C. §3729 (a)(3)*

57.     Relator realleges and incorporates by reference the allegations made in

Paragraphs 1 through 56 of this Complaint.

58.     This is a claim for treble damages and for forfeitures under the False

Claims Act, 31 U.S.C. §§3729-32.

59.     By virtue of the acts described above, the Defendant defrauded the United

States by failing to adhere to the GSA Contract No. GS-35F-5183H price reduction

clauses and receiving inflated payment for goods pursuant to GSA Contract No. GS-

35F-5183H.

60.     The United States, unaware of the falsity of the records, statements

and/or claims made by Defendant, and in reliance on the accuracy thereof, paid for

aforementioned false claims as a result of the fact that the Defendant  intentionally

failed to monitor the contract for price reductions pursuant to the price reduction

clauses, and failed to pass on appropriate discounts to the Federal Government and

thus caused the Federal Government to pay inflated prices.

61.     By reason of these actions and payments, the United States Government has

been damaged and continues to be damaged in substantial amounts.  The exact

amounts of the damage is to be determined at trial.

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

## **PRAYER**

WHEREFORE, Relator prays  for judgment against Defendant as follows:

1.      That Defendant cease and desist from violating the price reduction provisions of GSA Contract No. GS-35F-5183H;

2.      That Defendant cease and desist from violating 31 U.S.C. §3729 et seq;

3.      That this Court enter judgment against the Defendant in an amount equal to three times the amount of damages the United States Government has sustained because of Defendants' actions, plus a civil penalty of not less than $5,000 and not more than $11,000 for each violation of 31 U.S.C. §3729 et seq;

4.      That Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act;

5.      That Relator be awarded all costs and expenses of this action, including attorneys' fees;

6.      That Relator recovers such other relief as the Court deems just and proper.

Respectfully submitted,

ASHCRAFT & GEREL

H. Vincent McKnight, Jr.
D.C. Bar No. 293811
2000 L Street, N.W.
Suite 400
Washington, D.C. 20036
(202) 783-6400
Attorney for Relator

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

24

Relator hereby demands trial by jury.

_H. Vincent McKnight, Jr. (by ALK)_

H. Vincent McKnight, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Complaint was mailed, postage prepaid, this _13th_ day of April , 2006, to:

Kenneth Wainstein, Esquire
United States Attorney
555 4th Street, N.W.
Washington, D.C. 20001

Alberto Gonzales, Esquire
Attorney General of the United States
U.S. Department of Justice
10th and Constitution Avenue, N.W.
Washington, D.C. 20530

_H. Vincent McKnight Jr._
_(by ALK)_

H. Vincent McKnight, Jr.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

25